UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERALD NAQUIN                                   CIVIL ACTION

VERSUS                                          NO: 07-8782

LIN-BAR MARINE, INC., ET AL.                    SECTION: "A" (5)

**ORDER AND REASONS**

Before the Court are a **Motion for Summary Judgment (Rec. Doc. 136)** filed by defendant Dynamic Industries, Inc. and a **Motion for Summary Judgment (Rec. Doc. 138)** filed by defendant Bois d' Arc Energy, Inc. Eagle Consulting, LLC opposes both motions and Bois d'Arc opposes Dynamic's motion insofar as it pertains to Bois d'Arc. The motions, set for hearing on August 5, 2009, are before the Court on the briefs without oral argument.[1]

**I.  BACKGROUND**

This indemnity dispute arises out of personal injuries allegedly sustained by offshore worker Gerald Naquin. On September 17, 2007, Naquin, who was employed by Eagle Consulting, LLC ("Eagle"), was working in the oilfield known as Ship Shoal Block 113 located on the Outer Continental Shelf ("OCS").

---

[1] Bois d'Arc has requested oral argument but the Court is not persuaded that oral argument would be helpful given the issues presented.

Defendant Bois d'Arc owns numerous platforms and wells situated on Ship Shoal 113. Bois d'Arc contracted with Eagle for various equipment and personnel for use in its offshore oil and gas drilling operations.

Naquin had taken the crew boat SARENA B from the LBJ platform to the No. 8 well where work was to be performed. From the SARENA B Naquin boarded the lift boat DONALD MOLL which lifted him adjacent to the well so that he could perform his work. A personnel basket was used to return Naquin from the DONALD MOLL to the SARENA B for the return trip. Naquin disembarked the personnel basket after it landed on the SARENA B's deck and stepped into an open manhole on the deck of the vessel. Naquin sustained serious personal injuries and has undergone at least two surgeries.

Naquin was performing services for Bois d'Arc pursuant to a Master Service Agreement executed by Bois d'Arc and Eagle ("Bois d'Arc/Eagle MSA"), Naquin's employer. (Rec. Doc. 136 Exh. B). Defendant Elevating Boats, Inc. ("EBI") owned and operated the lift boat DONALD MOLL, with the exception of its crane which was operated by Dynamic Industries' employee Gordon Gurley. Bois d'Arc had chartered the DONALD MOLL from EBI pursuant to a Blanket Charter Agreement. Defendant Lin-Bar Marine, Inc. owned the SARENA B.

Naquin filed this suit against Bois d'Arc, EBI, Lin-Bar

Marine, Eagle,[2] and Dynamic seeking recovery for the injuries that he sustained when he stepped into the open manhole. Bois d'Arc agreed to contractually defend and indemnify EBI with respect to all of Naquin's claims.

Bois d'Arc and EBI filed a third-party demand against Eagle seeking indemnity for Naquin's claim pursuant to the indemnity provision contained in the Bois d'Arc/Eagle MSA. (Rec. Doc. 38). The indemnity agreement requires Eagle to defend and indemnify Bois d'Arc and its indemnitees for any claim brought against them by an Eagle employee like Naquin. On March 9, 2009, the Court granted summary judgment in favor of Bois d'Arc/EBI and against Eagle on the question of Eagle's contractual defense and indemnity obligations pursuant to the Bois d'Arc/Eagle MSA. (Rec. Doc. 106).

Dynamic now moves for summary judgment against Eagle and Bois d'Arc ordering those entities to fulfill their indemnity obligations against all of Naquin's claims pursuant to the terms of the Bois d'Arc/Eagle MSA and the Master Service Agreement between Bois d'Arc and Dynamic ("Bois d'Arc/Dynamic MSA").

Bois d'Arc moves for summary judgment against Eagle ordering Eagle to fulfill its indemnity obligations against all of Naquin's claims pursuant to the terms of the Bois d'Arc/Eagle

---

[2] Naquin voluntarily dismissed his claims against Eagle after concluding that the claims were not legally well-founded. (Rec. Docs. 32 & 33).

3

MSA.

## II. **DISCUSSION**

The crux of the two pending motions for summary judgment is whether Dynamic is entitled to defense and indemnity for Naquin's claims and from whom that obligation is owed. In its March 9, 2009, Order and Reasons granting summary judgment in favor of Bois d'Arc/EBI and against Eagle, the Court concluded that the Louisiana Oilfield Anti-Indemnity Act ("LOAIA") did not apply to relieve Eagle of its indemnification obligation by displacing the choice of law provision contained in the Bois d'Arc/Eagle MSA. (Rec. Doc. 106). Thus, Bois d'Arc and EBI, as its subcontractor/indemnitee, were entitled to defense and indemnity from Eagle for Naquin's claims.

The March 9, 2009, Order and Reasons constitutes the law of the case and applies equally to Dynamic as a subcontractor/indemnitee of Bois d'Arc.[3] Thus, pursuant to the Bois d'Arc/Eagle MSA and the March 9, 2009, Order and Reasons, Bois d'Arc's motion for summary judgment against Eagle is GRANTED.

Likewise, Dynamic's motion for summary judgment against Eagle is GRANTED pursuant to the Bois d'Arc/Eagle MSA and the March 9, 2009, Order and Reasons. Dynamic's motion is DENIED as

---

[3] Eagle has not admitted that Dynamic is a subcontractor of Bois d'Arc (Eagle's Statement of Contested Material Facts) but Eagle did not address this issue in its opposition memorandum.

4

to Bois d'Arc, however, because the Bois d'Arc/Dynamic MSC contains a Louisiana choice of law provision. (Rec. Doc. 136 Exh. A ¶ 12). Thus, Louisiana law, and therefore the LOAIA, applies to this agreement notwithstanding the application *vel non* of the OCSLA.

In its opposition memorandum, Eagle points out that the Fifth Circuit has granted rehearing en banc in <u>Grand Isle Shipyard, Inc. v. Seacor Marine, LLC</u>, 543 F.3d 256 (5th Cir. 2008). In <u>Grand Isle</u> the Fifth Circuit unequivocally held that OCSLA did not apply to an indemnity dispute arising out of personal injuries that were not sustained on an OCSLA situs. Eagle suggests that the appellate court's willingness to reconsider that case casts doubt on the Court's March 9, 2009, Order and Reasons.

Until the Fifth Circuit renders a decision in <u>Grand Isle</u>, that case and the decisions upon which it was based remain the law of this circuit. The Court cannot assume that the en banc court will ultimately reverse <u>Grand Isle</u> and thereby potentially undermine the Court's indemnity rulings in this case. The <u>Grand Isle</u> case has been tentatively set for oral argument before the en banc panel on September 21, 2009. If this matter remains pending when the Fifth Circuit rules, Eagle is free to move for reconsideration if the outcome of <u>Grand Isle</u> so dictates. Otherwise, Eagle remains free to raise its arguments on appeal

5

once this case is concluded.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that **Motion for Summary Judgment (Rec. Doc. 136)** filed by defendant Dynamic Industries, Inc. is **GRANTED IN PART AND DENIED IN PART** as explained above;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 138)** filed by defendant Bois d' Arc Energy, Inc. is **GRANTED.**

August 7, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE